# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-177-GCM-DCK

| | |
|---|---|
| STACY MARIE SMITH, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
|  | ) **RECOMMENDATION** |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 16) and "Defendant's Motion For Judgment On The Pleadings" (Document No. 18). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 16) be granted; that "Defendant's Motion For Judgment On The Pleadings" (Document No. 18) be denied; and that the Commissioner's decision be vacated.

## I. BACKGROUND

Plaintiff Stacy Marie Smith ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On March 28, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning August 13, 2011. (Transcript of the Record of Proceedings ("Tr.") 14). The Commissioner of Social Security (the "Commissioner" or

"Defendant") denied Plaintiff's application initially on May 22, 2012, and again after reconsideration on March 11, 2013. (Tr. 14, 79, 90). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. Based on the description of the job performed as a customer service, we have concluded that you have the functional capacity to meet the functional demands of this type of work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 90).

Plaintiff filed a timely written request for a hearing on April 26, 2013. (Tr. 14, 106). On December 5, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims (the "ALJ"). (Tr. 14, 27-56). In addition, Lavonne Brent, a vocational expert ("VE"), and Ryan Henry, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 25, 2015, denying Plaintiff's claim. (Tr. 11-22). On March 17, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on August 3, 2016. (Tr. 1-4, 10). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 3, 2016. (Document No. 1). On November 1, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 16) and "Plaintiff's Memorandum Of Law" (Document No. 17) were filed May 17, 2017; and "Defendant's Motion For Judgment On The Pleadings" (Document No. 18) and "Memorandum In Support Of Defendant's Motion For Judgment On The Pleadings" (Document No. 19) were filed July 17,

2017.  Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See "Social Security Briefing Order," 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013);  see also Local Rule 7.2 (e).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.    STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456;  King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations.");  Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that

3

it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 13, 2011, and the date of his decision.[1] (Tr. 14). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity -
> if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement -
> if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

>   (4)   whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
>   (5)   whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 14).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 13, 2011, her alleged disability onset date. (Tr. 16). At the second step, the ALJ found that degenerative disc disease; status post lumbar fusion and revision decompression; and hepatitis C were severe impairments.[2] (Tr. 16). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 17).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work, with the following limitations:

> claimant would need a sit/stand option (sit for 30 minutes, and stand, as needed up to 10 minutes). The claimant can occasionally climb ladders. The claimant can occasionally stoop and crouch.

(Tr.17). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a billing clerk, freight broker assistant, cashier, customer service representative, and truck driver. (Tr. 20-21). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 21). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a ticket taker, a clerk, and a toll collector. (Tr. 21-22, 53). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 13, 2011, and the date of his decision, February 25, 2015. (Tr. 22).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to conduct a proper function-by-function analysis; (2) the RFC assessment is not based on substantial evidence; and (3) the ALJ failed to explain the weight given to different medical opinions. (Document No. 17, p.4).

### A. Function-by-Function Analysis

In her first assignment of error, Plaintiff argues that "the ALJ evaluated Ms. Smith's RFC, then analyzed her credibility, using the assigned RFC as a basis to reject her credibility." (Document No. 17, p.5) (citing Tr. 20). Plaintiff contends that "the ALJ's backward analysis is not harmless error because he failed to reconcile contradictory evidence in the record, and he did not provide sufficient additional evidence to discredit Ms. Smith's reported symptoms." Id. (citing Tr. 18-20). The crux of Plaintiff's argument seems to be that the ALJ did not properly consider or account for Plaintiff's chronic pain. See (Document No. 17, pp.5-9). Plaintiff contends that the

ALJ's finding that her back pain was stable on multiple occasions does not comport with the record as a whole.  (Document No. 17, p.7) (citing Tr. 20).

Defendant argues that "the ALJ complied with SSR 96-8p, as he addressed Plaintiff's exertional limitations on a function-by-function basis, and considered those limitations that were affected by her impairments."  (Document No. 19, p.5) (citing Tr. 17).  Defendant further argues that the ALJ permissibly based his RFC finding in part on the function-by-function analysis of the State agency consultant, and that Plaintiff has failed to point to other record evidence showing that she experienced additional limitations that should have been in the RFC.  (Document No. 19, pp.7-9) (citations omitted).

In addition, Defendant asserts that the ALJ properly evaluated Plaintiff's chronic pain, use of pain medication, and credibility.  (Document No. 19, pp.9-14).  Defendant notes that the ALJ did recognize that Plaintiff testified that she was unable to get medication because her Medicaid was discontinued.  (Document No. 19, p.9); see also (Tr. 18, 38).  Defendant argues that "[b]efore an inability to pay will be considered good cause for refusal to follow prescribed treatment, a claimant must show he has exhausted all free or subsidized sources of treatment and document his financial circumstances" – and that Plaintiff has not complied with these requirements.  Id. (citing SSR 82-59).

The undersigned finds that Plaintiff's first issue presents a close call -- particularly the allegation that the ALJ did not properly consider evidence of her chronic pain.  Notably, the ALJ's decision acknowledged Plaintiff's testimony regarding her constant pain and problems getting medication, and that her pain would cause absences from work three to four days a week.  See (Tr. 18).  But then, the ALJ seemingly discounted that testimony and other evidence because she "never received treatment from a pain management specialist," and because there were two dates her back

pain was described as "stable." (Tr. 20) (citing Tr. 407, 417). The ALJ concluded that Plaintiff's "pain would not interfere with her ability to perform the mental or physical demands of work activity on a sustained basis." Id.

These specific medical records relied on by the ALJ provide that Plaintiff had a continuing principal diagnosis of "chronic back pain" and that "[p]atient's condition is stable and requires no change in management or decision support at this point." (Tr. 407, 417). At that time, Plaintiff's pain management included a prescription for 3 doses of Percocet per day. Id. Plaintiff contends that "[p]rior to losing her Medicaid, she was consistently taking pain medications as prescribed, such as Percocet, Oxycodone, steroids, muscle relaxers, Neurontin, Cymbalta, and Xanax." (Document No. 17, p.6) (citing Tr. 229, 246, 263, 267, 301, 303, 313, 327-28, 409, 411, 437, 450, 491-92, 495).

Under the circumstances, the undersigned finds that the ALJ's analysis of Plaintiff's chronic pain, and the impact of that pain on her ability to work, frustrates meaningful review. The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). Here, based on the ALJ's reliance on treatment notes for two dates in 2012, the undersigned is not convinced that substantial evidence supports the ALJ's conclusion. See (Tr. 20) (citing Tr. 407, 417). Rather, the undersigned agrees with Plaintiff that the assertion that her back pain was "stable" does not appear to "comport with the record as a whole." (Document No. 17, p.7).

Based on the foregoing, the undersigned will recommend that this matter be remanded for further consideration.

### B. RFC Assessment

Next, Plaintiff contends that the ALJ's RFC assessment is not based on substantial evidence. (Document No. 17, pp.9-13). Plaintiff argues that the record does not support the ALJ's finding that her anxiety and depression were non-severe; that her hepatitis C symptoms were stable; and that her MRSA had been resolved with treatment. Id.

Because the undersigned is already persuaded that this matter should be remanded, it is further recommended that an ALJ review the entire record and reconsider Plaintiff's RFC.

### C. Medical Opinions

Finally, Plaintiff alleges that the ALJ failed to describe and explain the weight he assigned to different medical opinions. (Document No. 17, pp.14-15). Plaintiff notes that the ALJ stated that he "evaluated the opinions offered by acceptable medical sources and from other sources such as governmental and nongovernmental agencies pursuant to SSR 06-03p." (Document No. 17, p.14) (quoting Tr. 20).

In response, Defendant concedes that the ALJ erred in including this statement in his opinion. (Document No. 19, p.17). However, Defendant argues that "[t]he language included in the decision is at best, harmless error." Id.

Especially, where as here, it seems an ALJ may have made multiple errors, the undersigned will decline to dismiss an acknowledged error as "harmless." Instead, this conceded error seems to provide further support that the ALJ did not rely on substantial evidence in reaching his decision. As stated above, the undersigned is already persuaded that further review of this case on remand is appropriate. Therefore, the undersigned respectfully suggests that an ALJ be directed to consider the full record and *all* of Plaintiff's alleged errors.

## IV. CONCLUSION

The undersigned is *not* persuaded that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 16) be **GRANTED**, to the extent Plaintiff moves to remand; "Defendant's Motion For Judgment On The Pleadings" (Document No. 18) be **DENIED**; and the Commissioner's determination be **VACATED**, and this matter be remanded for further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: February 7, 2018

David C. Keesler
United States Magistrate Judge